### SHERRITT v. LEDERER.*

### No. 16974.

District Court, E. D. Pennsylvania.

Sept. 16, 1935.

R. R. Koch, of Philadelphia, Pa., for plaintiff.

H. W. Braude and E. W. Wells, U. S. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action at law for the recovery of an alleged overpayment of income tax for the year 1918 amounting to $17,996.28. By written stipulation trial by jury was waived and the case tried to the court. The following are all the facts essential to the decision of the case:

During the year 1918 the plaintiff was one of two principal stockholders of a corporation called "Sherritt & Stoer Co." In 1919 the company filed its income tax return for 1918, claiming personal service classification. At about the same time the plaintiff filed his personal return in which, consistently with the theory that the company was a personal service corporation, he included his share of the undistributed earnings for the year 1918.

On January 31, 1924, the Commissioner of Internal Revenue denied personal service classification to the corporation, and notified the plaintiff that as a result thereof the amount which he had returned as undistributed earnings of the corporation had been eliminated from his personal return. On March 12, 1924, and within the statutory period of limitations, the plaintiff filed a claim for the refund to which this correction of his return entitled him, and which later became the basis for this suit. There was no legal reason why the plaintiff's claim should not have been immediately allowed and paid, but, as a matter of fact, the Commissioner took no action upon it until 1931 when it was rejected.

The corporation, having been determined not to be a personal service company, was assessed in the amount of $68,333.25, and filed a claim for abatement which was followed by an appeal to the Board of Tax Appeals, which appeal, however, did not raise the question of the personal service classification of the company, but involved the deductibility of certain officers' salaries.

With matters in this shape—both the plaintiff's claim for refund and the company's appeal from assessment pending—the Revenue Law of 1926 was enacted. Section 1210 of that act (44 Stat. 130) provides as follows: "Any individual who has paid a tax (in accordance with section 218 of the Revenue Act of 1918 or section 218 of the Revenue Act of 1921) as a stockholder of a personal service corporation shall be entitled to a credit or refund, in the manner provided in section 284, if (a) such corporation has been finally determined not to be a personal service corporation, and (b) such corporation has paid the tax imposed by Title II of the Revenue Act of 1918 or Title II of the Rev-

enue Act of 1921, as the case may be, and (c) claim therefor is filed within one year after the enactment of this Act, or before the expiration of the period of limitations upon the filing of such claim, whichever is the later."

The company's appeal was dismissed in 1928 for lack of prosecution. When collection was attempted, it was found that the company had gone out of business. No bond having been required at the time of the appeal, collection has never been made, and the corporation therefore has never paid the tax imposed by the Revenue Act of 1918 (40 Stat. 1057). At the time of the assessment of the tax, the corporation was solvent.

On February 20, 1931, the plaintiff's claim for a refund was rejected by the Commissioner of Internal Revenue on the ground that the tax due from the corporation had not been paid and that by reason of section 1210 of the act of 1926 the plaintiff was not entitled to the refund. The plaintiff then brought this suit.

The only question of law involved is whether section 1210, with its condition that the corporation must have paid the tax before any refund can be allowed to a stockholder who paid a tax on undistributed profits on the erroneous theory that the corporation was a personal service concern, applies in a case where the stockholder has made a claim for refund within the statutory period and the claim was pending when the law became effective.

The plaintiff's argument is that the only purpose of the act was to give relief to stockholder-taxpayers against whom the statute had run before final determination of the corporation's status was made by the Commissioner. Undoubtedly, this was one of the objects of the law. When a close corporation with two or three stockholders claimed personal service classification, the stockholders naturally had to make their own returns on that theory and report the corporation's profits as income. Such a large number of claims of this kind was made that the Department fell far behind in disposing of them. In many cases the denial of the personal service status came too late for the individual stockholders to revise their positions and make claims for refund. Thus the government collected the tax twice. This obviously was unfair, though not quite so unfair as it might appear, because there is no doubt that many claims of this kind were made frivolously and without any real hope of their being allowed, and that in many cases the stockholders themselves were responsible for this. Nevertheless, the Congress undoubtedly had this situation in mind, and the part of clause (c) of section 1210 which allows claims to be filed until the end of a year after the enactment of the law does extend or waive the period of limitations for claims then barred.

But the section is in general terms, and I fail to see any evidence in it of an intention to confine its condition solely to barred claims. In fact, the other part of clause (c) clearly indicates that the Congress also had in mind and intended to deal with claims against which the statutory period had not run. That clause permits filing within the statutory period if such period extends beyond a year after the act.

There is even less ground for adopting the plaintiff's argument that claims actually filed and pending were not intended to be affected by the statute, even though it might apply to unbarred claims not filed. The argument is that, unless this were so, a second claim would have to be filed in such cases—a seeming anomaly. But, if a claim has been filed before the expiration of the period of limitation, condition (c) has been complied with, whether such filing was before or after the passage of the act, and a second filing is unnecessary.

The foregoing was substantially the view taken by the Circuit Court of Appeals for the Ninth Circuit in Haight v. United States, 22 F.(2d) 367, a case which is indistinguishable upon its essential facts from the present one. The court did say in the course of the opinion in that case that the stockholder was measurably responsible for the failure of the government to collect its tax against the insolvent company—a situation which may or may not exist in the present case—but that had nothing to do with the ground upon which the decision was placed. It was in that case, as here, simply a question of statutory interpretation, and I agree fully with the view there expressed.

The conclusion of law is that section 1210 of the Revenue Act of 1926 precludes recovery by the plaintiff in this case, because the Sherritt & Stoer Company has never paid the tax imposed by title 2 of the Revenue Act of 1918 (40 Stat. 1058) and assessed against it, which tax is the basis of this claim for refund.

I affirm the first point submitted by the defendant under its conclusions of law submitted.

I find a general verdict for the defendant.

Judgment may be entered thereon.